|  |  |
|---|---|
| UNITED STATES DISTRICT COURT<br>CENTRAL DISTRICT OF CALIFORNIA | **PRIORITY SEND**<br>JS-6 |

### CIVIL MINUTES -- GENERAL

Case No.    **EDCV 11-1667-JFW (DTBx)**                              Date: November 1, 2011

Title:    US Bank National Association -v- Prince Sandhu, et al.

---

**PRESENT:**

   HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE

   Shannon Reilly                              None Present
   Courtroom Deputy                            Court Reporter


**ATTORNEYS PRESENT FOR PLAINTIFFS:**       **ATTORNEYS PRESENT FOR DEFENDANTS:**
         None                                          None

**PROCEEDINGS (IN CHAMBERS):**    ORDER REMANDING ACTION TO SAN BERNARDINO SUPERIOR COURT

   On August 3, 2011, Plaintiff U.S. Bank National Association, as Trustee for the Pooling and Servicing Agreement Dated as of September 1, 2006 Master Asset-Backed Securities Trust 2006-NC2 Mortgage Pass-Through Certificates, Series 2006-NC2 ("Plaintiff") filed an unlawful detainer action against Defendant Prince Sandhu ("Defendant") in San Bernardino Superior Court.  On October 18, 2011, Defendant filed a Notice of Removal, alleging that this Court had jurisdiction pursuant to 28 U.S.C. §§ 1331.

   Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress.  *See Bender v. Williamsport Area School District*, 475 U.S. 534, 541 (1986).  "Because of the Congressional purpose to restrict the jurisdiction of the federal courts on removal, the statute is strictly construed, and federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."  *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996) (citations and quotations omitted).  There is a strong presumption that the Court is without jurisdiction unless the contrary affirmatively appears.  *See Fifty Associates v. Prudential Insurance Company of America*, 446 F.2d 1187, 1190 (9th Cir. 1990).  As the party invoking federal jurisdiction, Defendant bears the burden of demonstrating that removal is proper.  *See, e.g., Gaus v. Miles,* 980 F.2d 564, 566 (9th Cir. 1992); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988).

   "An unlawful detainer action does not raise a question arising under federal law and so, once removed, must be remanded for lack of jurisdiction."  *Cooper v. Washington Mut. Bank*, 2003 WL 1563999, *2 (N.D. Cal. Mar. 19, 2003) (internal citation omitted).

   For the foregoing reasons, this Court lacks subject matter jurisdiction over this action.

Accordingly, this action is **REMANDED** to San Bernardino Superior Court for lack of subject matter jurisdiction.  See 28 U.S.C. § 1447(c).

    IT IS SO ORDERED.